IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER GOFF,                                )<br>                                                    )<br>                    Plaintiff,                      )<br>                                                    )<br>v.                                                    )<br>                                                    )<br>                                                    )<br>WASHINGTON COUNTY, a political    )<br>subdivision of the State of Idaho; and    )<br>STEVE PATTERSON, individually,       )<br>                                                    )<br>                    Defendants.                  )<br>_____) | CASE NO. CV 03-268-S-MHW<br><br><br><br>**ORDER** |

## <u>INTRODUCTION</u>

This case involved a retaliation claim of a former Washington County paramedic against her former employer, Defendant Washington County, and supervisor, Steve Patterson ("Patterson")(collectively "Defendants"). This matter was tried before a jury from November 2, 2005 to November 11, 2005. At the trial, Plaintiff Heather Goff ("Goff") argued Washington County and Patterson, as an agent of Washington County, violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a) and the Idaho Human Rights Act, Idaho Code § 67-3911 by retaliating against Goff for the filing and settlement of a gender discrimination and wage discrimination claim. Goff also claimed she was battered by Patterson.

**Order - page 1**

Currently pending before the Court is Plaintiff's Petition for Attorney Fees and Non-Taxable Costs (Docket No. 106), filed on December 5, 2006; and Plaintiff's Amended Petition for Attorney Fees and Non-Taxable costs (Docket No. 118), filed on January 5, 2005.  Initially, Goff sought an award of fees and costs under 42 U.S.C. § 2000e-5(k) and various state statutes in the amount of $125,920.65.  In response to some of Defendants' objections, Goff amended her petition for an award of attorney fees to $123,329.40.  In addition, Goff seeks non-taxable litigation costs in the amount of $20,865.57.  For the reasons set forth below, the Court will grant in part and deny in part Goff's Petition for fees and costs.

## I.
## Background

At the conclusion of the trial in this matter, the jury returned a Special Verdict Form (Docket No. 99), finding Washington County retaliated against Goff for filing and settling her wage discrimination claim.  The jury further found that Washington County failed to establish legitimate, non-retaliatory reasons for its employment decisions with respect to Goff.  The jury awarded economic damages in the amount of $200,000 and non-economic damages in the amount of $50,000.  The jury also found Patterson liable for battery and awarded damages to Goff in the amount of $50,000.  In finding Patterson battered Goff, the jury determined that Patterson did not act in self-defense.  The jury also returned a Special Verdict Form (Docket No. 101), finding that Patterson did not act with malice or criminal intent.

## II.
## Attorney Fees

A plaintiff in a civil rights suit is a prevailing party and is entitled to an award of attorney's fees if he "has succeeded on 'any significant issue in litigation which achieve[d] some

of the benefit the parties sought in bringing suit.' " *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990)(*quoting Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782 (1989).  As the jury awarded Goff $300,000 in damages, she is clearly a "prevailing party" within the meaning 42 U.S.C. § 2000e-5(k).  The fact some of Goff's claims were dismissed at the summary judgment phase does not affect her eligibility for a fee award. *See, e.g., Texas State Teachers Assn.*, 489 U.S. 782, 790 (1989) (the degree of the plaintiff's success does not affect *eligibility* for a fee award.")(emphasis added).

As the Court has concluded that Goff is the prevailing party, it must now calculate a reasonable fee award.  *Hensley v. Eckerhart,* 461 U.S. 424 (1983).  Such a determination involves a two step process.  First, the Court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* at 433.  In calculating the lodestar, the court must consider those factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert denied*, 425 U.S. 951 (1976) which have now been subsumed within the initial calculation. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988), *cert denied*, 493 U.S. 1035 (1990).  Subsumed factors include: (1) novelty and complexity of the issues; (2) special skill and experience of counsel; (3) quality of the representation; (4) the results obtained; and (5) the superior performance of counsel.  After calculating the lodestar, the fee may be adjusted by any nonsubsumed factors identified in Kerr.[1]  A "strong presumption" exists that the lodestar figure

---

[1]A "rote recitation of the relevant factors is unnecessary" so long as the district court adequately explains the basis for the award. *O'Neal v. City of Seattle*, 66 F.3d 1064, 1069, n5 (9th Cir. 1995).  The *Kerr* factors are:

(1) the novelty and difficulty of the questions involved;
(2) the skill requisite to perform the legal service properly;
(3) the preclusion of other employment by the attorney due to acceptance of the case;
(4) the customary fee;

represents a "reasonable fee"; thus, it should only be modified in "rare and exceptional cases." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)(*quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations omitted).

**A. Reasonable Rate**

As noted above, Goff seeks an award of $123,329.40 in attorneys' fees for the 901.96 hours her legal team spent on the case. Two principal attorneys worked on the case: Julie Klein Fischer and John R. Kormanik. Both are members of the law firm of White Peterson, P.A., in Nampa, Idaho. In addition, several other attorneys, paralegals, and legal assistants assisted on the case. Ms. Fischer states in her affidavit that prior to September 1, 2005, she billed at a rate of $150 per hour and that Mr. Kormanik billed at a rate of $140 per hour. Thereafter, Ms. Fischer states she began billing at a rate of $175 per hour for her services, while Mr. Kormanik began billing at a rate of $150 per hour for his services. However, contrary to Ms. Fischer's statements in her affidavit, the records indicate she began billing at a rate of $175 per hour as early as December 8, 2003. The documentation also reflects that the other attorneys billed at rates between $115 and $130 per hour, with the exception of Mr. William F. Gigray, III, a shareholder admitted to the Idaho Bar in 1973, who billed at $150 per hour until September 1, 2005. Mr. Gigray then increased his billing rate to $175 per hour.

---

(5) the time limitations imposed by the client or the circumstances;
(6) the amount involved and the results obtained;
(7) the experience, reputation, and ability of the attorneys;
(8) the nature and length of the professional relationship with the client;
(9) the time and labor required;
(10) similar awards in similar cases.

"A reasonable attorney's fee is one calculated on the basis of rates and practices prevailing in the relevant market, i.e., in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Missouri v. Jenkins*, 491 U.S. 274, 286 (1989)**.**  The Court does not find the claimed hourly rates are excessive.  Ms. Fischer stated in her affidavit that the claimed rates are consistent with the prevailing rates for work performed by attorneys in the Boise/Nampa area with similar experience.  The Court agrees and will calculate the reasonable hours based on the claimed rates. However, the Court will calculate those hours charged by Ms. Fischer prior to September 1, 2005 at a rate of $150 so that her pre-September 2005 hourly rate accords with the statements made in her affidavit.[2]

### B. Reasonable Hours Expended

Defendants also challenge several of Goff's documented time entries.

First, Defendants note that Ms. Fischer's billing indicates she worked 29 hours in a single day.  As noted above, Goff concedes the entries for November 2, 2005 are duplicative.  Thus, the November 2, 2005 time entry has been reduced by 14.75 hours resulting in a $2,581.25 total reduction, which Goff acknowledged should occur in her Reply Memorandum.  Goff's Amended Petition already reflects this adjustment.

Next, Defendants argue the lodestar amount should be reduced to reflect what Defendants characterize as Goff's "limited" success because Goff only prevailed on one or two of her

---

[2]The Court found that Ms. Fischer billed 173.95 hours (minus the duplicative 14.75 hours) after September 1, 2005.  The Court then subtracted this amount from the 338.10 total billable hours (minus the duplicative 14.75 hours) claimed by Ms. Fischer.  Based on this calculation, the Court found Ms. Fischer billed 163.65 hours prior to September 1, 2005 – all of which the Court calculated at a rate of $150 per hour.  After making these adjustments, the Court attributes $55,063.75 in attorney fees to Ms. Fischer rather than $58,707.50 (after subtracting $2,581.25 to reflect the adjusted amount without the 14.75 hours) for a difference of $3,643.75.

Order - page 5

original seven claims as the remaining claims were dismissed at the summary judgment stage.

Goff may not recover attorney fees expended on unrelated, unsuccessful claims. *Hensley v.*

*Eckerhart*, 461 U.S. 424 (1983).  Unsuccessful claims are deemed unrelated if they are

"distinctly different claims for relief that are based on different facts and legal theories." *Id.*

Thus, "even where the claims are brought against the same defendants ... [,] counsel's work on

one claim [may] be unrelated to his [or her] work on another claim....Work on an unsuccessful

claim cannot be deemed to have been expended in pursuit of the ultimate result achieved[,]" *id.*

at 435 (internal quotation marks and citations omitted), and "the hours spent on the unsuccessful

claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440.

On the other hand, if "the plaintiff's claims for relief ... involve a common core of facts or

[are] based on related legal theories [and m]uch of counsel's time [is] devoted generally to the

litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis

"[s]uch a lawsuit cannot be viewed as a series of discrete claims." *Id.* at 435.   In that situation, "a

plaintiff who has won substantial relief should not have his [or her] attorney's fee reduced simply

because the court did not adopt each contention raised." *Id.* at 440.

In this case, the unsuccessful claims involved a common core of facts and were

sufficiently intertwined with the successful claims to make it impractical to divide the hours

expended on a claim-by-claim basis.  Furthermore, the Court finds that Goff achieved a level of

success to makes the hours reasonably expended a satisfactory basis for making the fee award.

Therefore, the Court declines to reduce the fee award on this basis.

Third, Defendants complaint that some of the time entries were to vague to ascertain

whether the time was reasonably expended.  Defendants focus on 60 hours of billed time by Mr.

Kormanik from October 20, 2005 until November 1, 2005 under the sole description of "Preparation of Jury Trial" without any further explanation as to the work performed.  As a remedy for this deficiency, Mr. Kormanik submitted a supplemental affidavit ("Kormanik Aff." Dkt. # 119) in Support of *Plaintiff's Reply to Defendants' Objection to Plaintiff's Petition for Attorney Fees and Non-Taxable Costs*.  Mr. Kormanik states this time was spent reviewing depositions, reviewing motions *in limine*, witness preparation, reviewing documents submitted by opposing counsel, and returning phone calls to opposing counsel.  The Court finds Mr. Kormanik's description of the time spent to be satisfactory and will not reduce the fee award on this basis.

Finally, Defendants argue that certain clerical or secretarial services performed by paralegals or legal assistants should not be compensated because they are included as part of overhead expenses.  Goff claims approximately $12,330.00 for 164.4 hours of work performed by a paralegal identified as Donna Allen at a rate of $75 per hour.  Goff also requests $6,526.00 in attorney fees for the work of a second paralegal identified as Penny Mustard, who billed 72.50 hours at a rate of $90 per hour, totaling $6,525.00.  In addition, Goff claims $203.00 for clerical work performed by legal assistants at a rate of $60 per hour.

The Supreme Court has held that the "reasonable attorney' fee" in the context of civil rights litigation should bill the work of paralegal work at market rates if the plaintiff demonstrates that this is the prevailing practice.  *See Jenkins*, 491 U.S. at 285-288.[3]  "By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting

---

[3] The holding of *Jenkins* has been applied to other statutes pertaining to "reasonable attorneys' fees" and a "prevailing party." See *Chambless*, 885 F.2d at 1058 (stating that "the Supreme Court instructs us that the same standards [as Jenkins] apply to other fee-shifting statutes where an award is made to the prevailing party") (citing Hensley, 461 U.S. at 433 n. 7, 103 S.Ct. 1933).

Order - page 7

market-rate billing of paralegal hours encourages cost-effective delivery of legal services and, by

reducing the spiraling costs of civil rights litigation, furthers the policies underlying civil rights

statutes." *Id.* at 288 (internal quotation marks and citation omitted).  Here, Goff asserts the

paralegal rates claimed in this case "are consistent with reasonable and comparable rates within

the Boise/Nampa area billed by other firms for paralegals of comparable training and

experience."  (Fischer Aff. ¶ 16).  This statement suggest local firms traditionally bill their

clients for work performed by paralegals.

However, "purely clerical or secretarial tasks should not be billed at a paralegal rate,

regardless of who performs them." *Id.* at 288 n.10.  While this statement seems to suggest that

hours billed for purely clerical tasks can be billed separately, if not at the paralegal rate, at a

lower rate, Goff has not submitted any evidence suggesting this is the prevailing market practice.

Accordingly, the Court will disallow hours claimed for "pro forma" tasks more properly

characterized as clerical whether claimed as a function of a paralegal.  Exercising its discretion,

the Court disallows 65.5 hours for those tasks performed by Ms. Allen.  This number

approximately represents the time spent by Ms. Allen performing clerical tasks such as preparing

transmittal letters, calendaring dates, copying documents, bates stamping documents, making

travel reservations, and organizing binders and which this Court considers overhead.  This

results in a reduction of the fee award by $4,912.50.  The Court will also reduce the fee amount

by $203.00 for work performed by legal assistants.

Furthermore, the Court will exclude any attorney fees for Ms. Allen as well as a second

paralegal Ms. Mustard for hours spent attending the trial.  This case did not present issues of

particular complexity and did not necessitate the presence of two attorneys and two paralegals at

**Order - page 8**

trial**.**  The time disallowed amounts to 45.5 hours for Ms. Mustard at $90 per hour ($4,095.00) and 22 hours for Ms. Allen at $75 per hour ($1,650.00).  This will reduce the lodestar amount by $5,745.00.

With the exceptions noted above, the Court finds the remaining documented hours are reasonable.

### C. Adjustment of Lodestar Amount

Once the lodestar is determined based on calculating the reasonable number of hours by the reasonable hourly rate, it is presumed to be a reasonable fee award. *See, e.g., Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir.2001) ("in most cases, the lodestar figure is presumptively a reasonable fee award[.]"); *Van Gerwen*, 214 F.3d at 1045 (lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar upward or downward "only in rare and exceptional cases, supported by specific evidence on the record" and detailed findings that the lodestar amount is unreasonably low or high).  Although presumptively reasonable, the lodestar figure may be adjusted by factors not subsumed in the lodestar calculation. *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir.2000).  The Court can find no special circumstances which exist justifying a reduction in the lodestar amount.  As noted above, the Court already considered the "results obtained" in calculating the reasonable hours expended and Defendants have not submitted any specific evidence relating to those factors not subsumed in the lodestar calculation.  Accordingly, the Court declines to reduce the lodestar amount.

**D. Conclusion**

With reductions in the award fee sought amounting to $14,504.25, the Court awards attorney fees in the amount of $108,825.15.

**III.**
**Litigation Expenses**

In addition to taxable costs submitted to the Clerk of the Court and awarded as a matter of course to the prevailing party pursuant to Federal Rule of Civil Procedure 54, Goff also seeks non-taxable costs in the amount of $20,304.77.  A prevailing party "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.' " *Harris v. Manhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)(holding that reasonable expenses in excess of taxable costs may be proper); *see also Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir.1984) ("the authority granted in Section 1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charge to a fee-paying client, in the course of providing legal services"), *overruled on other grounds*, *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C.Cir.1988).

The bulk of out-of-pocket expenses Goff seeks arise from Westlaw Research Charges ($11,293.57) and Expert Fees ($5,778.75).   In addition, Goff seeks costs as reasonable necessary expenses for long distance fax charges ($16.00); photocopies ($2,137.39); postage ($72.91); certified mail ($4.90); process service ($250.00); courier fee ($10.00); certification and recording fees ($30.00);travel expenses ($29.34); miscellaneous ($134.44); and medical records ($60.00). and mediation fee ($487.50).   Goff later amended her request to include: room rental for the

deposition of Mr. Echanis ($75.00); travel to and from Mr. Echanis's deposition in Elko Nevada ($441.39); and the cost of a transcript of Defendants' opening statement during trial ($74.80).

**A. Westlaw Charges**

Plaintiff seeks $11,293.57 for computerized research.  Courts appear split over an award of costs for computer research such as Lexis and Westlaw.  Several courts have determined that computerized legal research is a component of attorney fees and cannot be independently taxed as a separate item of cost. See *Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 695 (8th Cir. 1983)(computerized legal research is part of attorney fees); *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 325 (8th Cir. 1993)(computer-based legal research may not be added to fee award); *Ortega v. City of Kansas City*, 659 F.Supp. 1201, 1218 (D.Kan. 1987)(court refused to tax computer-assisted legal research expenses).

Other jurisdictions have decided that computerized legal research is a reimbursable cost since it is a reasonable cost incurred in litigating a case. *See Wehr v. Burroughs Corp.*, 619 F.2d 276, 285 (3rd Cir. 1980); *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591-92 (D.R.I. 1983).  The courts' rationale for allowing computerized legal research as a separate expense, is that the "[u]se of computer-aided legal research is certainly reasonable, if not essential, in contemporary legal practice." *Wehr v. Burroughs Corp.*, 619 F.2d at 285.  However, the Court could not find any binding Ninth Circuit cases relevant to this issue, even in the context of other fee-shifting statutes.

In this case, Goff incurred substantial computerized research costs.  As indicated by the cited cases, the courts that have allowed costs for such research have done so on the premise that computerized research reduces the number of attorney hours spent on the case.  However, this

Order - page 11

Court believes that computer-aided research, like any other form of legal research, is a component of attorney fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee awarded by the Court.  Thus, the Court will disallow the $11,293.57 in requested computerized legal research.

### B. Expert Fees

Goff is also claiming $5,778.75 in excess expert witness fees for Cornelius Hoffman, Dr. Dan Dwyer, and Lisa Lawrence.  Defendants object to Dr. Dwyer and Lisa Lawrence's fees on the basis that neither individual testified as an expert witness.  The Court agrees that Dr. Dwyer and Lisa Lawrence, although professionals and perhaps entitled to expert fees in other cases, served as factual witnesses in this case.  Because Lisa Lawrence and Dr. Dwyer must be treated as fact witnesses, their expert witness fees are not recoverable.  Furthermore, Cornelius Hoffman's expert fee will be disallowed because expert witness fees are limited to what is allowed by statute unless the witness is court appointed.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("a federal court may tax expert witness fees in excess of the [ ] limit set out in § 1821(b) only when the witness is court appointed.").  Mr. Hoffman was not court appointed and his fee is not recoverable beyond the statutory limit.

### C. Remaining Costs

The Court, however, will award Goff the remaining costs for long distance fax charges ($16.00); photocopies ($2,137.39); postage ($72.91); certified mail ($4.90); process service ($250.00); courier fee ($10.00); certification and recording fees ($30.00);travel expenses ($29.34); miscellaneous costs ($134.44); and medical records ($60.00).  However, the Court will disallow the cost of the mediation fee ($487.50).  The total amount for the remaining costs is

**Order - page 12**

$2,744.98.  In addition, the Court will award costs incurred relating to the deposition of Mr. Jim Echanis in the amount of $560.80 for a total award of $3,305.78.

## III.
## Conclusion

Based on the above discussion, the Court awards Goff $108,847.65 in attorney fees and $3,305.78 in non-taxable litigation expenses.

## **ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

(1) Plaintiff's Petition for Attorney Fees and Non-Taxable Costs (Docket No. 106), filed on December 5, 2006, is MOOT.

(2) Plaintiff's Amended Petition for Attorney Fees and Non-Taxable costs (Docket No. 118), filed on January 5, 2005, is GRANTED IN PART AND DENIED IN PART.

**DATED: April 24, 2006**

**Honorable Mikel H. Williams**
**United States Magistrate Judge**

Order - page 13